Dear Messrs:
You have requested that this office review the legality of the following:
 May a member of the Hammond City Council hold the position of Executive Director, of Transit Connections, Inc., a private, non-profit transportation brokerage firm?
Because you have advised in the opinion request that Transit Connections, Inc., is a private, non-profit organization, it is therefore not considered part of a political subdivision, and accordingly there is no possible violation of the dual officeholding or dual employment prohibition found in LSA-R.S. 42:63(D), providing:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
However, it is the opinion of this office that LSA-R.S. 42:64(A)(6) may be applicable. That statute provides, in pertinent part:
64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
* * * * *
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
You state in your correspondence that Transit Connections, Inc., "is a parish entity which receives approximately 90% of its proceeds from federal government funding through the Department of Transportation and Development. The balance of the funds is to be raised by contributions and/or donations."
It is the opinion of this office that if the Hammond City Council either transfers or donates funds to Transit Connections, Inc., or directs the organization on how to spend such funds, while a city councilman holds employment with the organization as its executive director, such arrangement would constitute incompatible offices under LSA-R.S. 42:64(A)(6). The city council would be allocating monies to an organization run by a member of the city council, and such factual circumstances would violate the dual officeholding law.
It is incumbent upon you to research those facts concerning the transfer of funds and determine whether the prohibitory language of LSA-R.S. 42:64(A)(6) is applicable.
Finally, we would suggest you seek an advisory opinion from the Louisiana State Board of Ethics, 8401 United Plaza Blvd., Suite 200, Baton Rouge, LA 70809, telephone number 225-922-1400, to determine whether there are any violations of the Code of Governmental Ethics concerning this arrangement.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK/ams
Date Released: May 3, 2002